UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE NUNEZ ACEVEDO,<br><br>             Petitioner,<br><br>     v.<br><br>TODD M. LYONS, ET AL.,<br><br>             Respondents. | Case Nos.  26-cv-03109, 26-cv-03139<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Dkt. No. 1 |

Petitioner Jose Nunez Acevedo filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241, requesting immediate release or a bond hearing.  (Dkt. No. 1 ("Petition").) The government responded to the Petition, acknowledging that Petitioner "appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025)," and thus, the government "do[es] not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)."  (Dkt. No. 7.)  For the reasons stated below, the Petition is **GRANTED**.  Respondents shall ensure that Petitioner is provided with a bond hearing within 14 days.

I.     **LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).  "[T]he traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates that they are in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens

detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II. ANALYSIS

Petitioner, a citizen of Mexico, has been residing in the United States since 1996. (Petition ¶¶ 13, 19.) Immigration and Customs Enforcement arrested him in the interior of the United States on November 13, 2025, and he remains in immigration detention. (*Id.*) Petitioner has been charged as being inadmissible under 8 U.S.C. Section 1182(a)(6)(A)(i) as someone who entered the United States without inspection. (*Id.* ¶ 20.) Petitioner received a bond hearing on April 17, 2026, but he was denied bond pursuant to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (*Id.* ¶ 21.)

The Central District of California certified a class of which it appears that Petitioner was initially a member. *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1075, 1077–78 (C.D. Cal. 2025). The case essentially overruled *Yajure Hurtado*. *Id.* at 1080. The Ninth Circuit has since stayed application of the class to any members outside the Central District of California. *Maldonado Bautista v. U.S. DHS*, No. 26-1044, Dkt. No. 5 (9th Cir. Mar. 6, 2026). Although *Maldonado Bautista* is not binding on this Court, many courts in this district have agreed with the reasoning in *Maldonado Bautista* and have found that similarly situated petitioners are not subject to mandatory detention under 8 U.S.C. Section 1225. *See, e.g., Rodriguez v. LaRose*, No. 25-cv-02940-RBM, 2025 WL 3456475, at *4–5 (S.D. Cal. Dec. 2, 2025); *Gregorio v. LaRose*, No. 25-cv-03322-BAS, 2025 WL 3653998, at *2–4 (S.D. Cal. Dec. 17, 2025); *Cortez Garrido v. Mullin*, No. 26-cv-02800-LEK, 2026 WL 1375950, at *1–2 & n.2 (S.D. Cal. May 15, 2026); *see also Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 936–37 (N.D. Cal. 2025). Therefore, for the reasons stated in those opinions, the Court **GRANTS** the Petition.

Petitioner has also requested that this Court award him attorney's fees. (Petition at 15.)[1]

---

[1] Citations to page numbers refer to ECF pagination.

The Court will consider an application requesting reasonable attorney's fees that is filed within 30 days of the entry of judgment.  Accordingly, Petitioner's request for attorney's fees is **DENIED** without prejudice.

### III.    CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**.  Respondents are **ORDERED** to provide Petitioner with an individualized bond hearing under 8 U.S.C. Section 1226(a) within 14 days of the filing of this Order.  Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C. Section 1225(b)(2) requires mandatory detention.  If no bond hearing is held by **June 9, 2026**, Petitioner shall be released the following day.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

Dated: May 26, 2026

RITA F. LIN
United States District Judge

3